CHARLES CARROLL, Chief Judge
(dissenting).
I respectfully dissent, and would apply to the construction of this will the reasoning of the New Jersey court in Commercial Trust Co. of New Jersey v. Spiegelberg, 117 N.J.Eq. 171, 175 A. 164. When the will provided that upon termination of the trust on the death of Fred Horner distribution should be made, to other named recipients, of the corpus and any undistributed income of the trust, that necessarily had reference to such income as may have accrued since the time for the last quarterly period, that is, since the last quarterly payment date. This is so because under the terms of the trust as provided for in the will, Fred Horner during his lifetime' was “entitled to receive the income from the trust fund held by the bank, in quarterly payments. The fact that the income was not paid to him quarterly, as the trustees were under a duty to do, does not mean that Fred Horner did not become entitled thereto during his lifetime. The corpus of the trust was the balance of the residue above amounts needed for payment of debts and costs of administration. The amounts of income payable quarterly to Fred Horner during his lifetime are determinable ultimately by simple accounting procedures.